UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Michael Sandoval,<br>Individually, and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br>      -v-<br><br>Lincoln Property Company Commercial, Inc.,<br><br>                              Defendant. | Civ. Action #:<br><br>**Complaint**<br><br>Date Filed:<br><br>**Jury Trial Demanded** |

Plaintiff Michael Sandoval ("Plaintiff," or "Sandoval"), on behalf of himself, and all others similarly situated, by Abdul Hassan Law Group, PLLC, his attorney, complaining of the Defendant Lincoln Property Company Commercial, Inc. ("LPCC" or "Defendant"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of himself, and other similarly situated current and former hourly employees who worked for the Defendant and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that he and they are: (i) entitled to unpaid wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for each and all such hours over forty in a week, and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff complains on behalf of himself and a class of other similarly situated current and former hourly employees who worked for the Defendant, pursuant to the Fed. R. Civ. Proc. 23, that he and they are: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for each and all such hours over forty in a week, and (ii) entitled to maximum liquidated damages – including liquidated damages on all overtime wages paid later than weekly, entitled to costs and attorney's fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., ("NYLL") including NYLL § 663, and the regulations thereunder – 12 NYCRR § 142-2.2.

3. Plaintiff further complains under Fed. R. Civ. Proc. 23, on behalf of himself and a class of other similarly-situated current and former employees who were employed by Defendant as manual workers, within the six-year period preceding the filing of this action to the date of disposition of this action, that he and they: 1) were employed by Defendant within the State of New York as manual workers; 2) entitled to maximum liquidated damages (for the period after April 9, 2011) and interest for being paid overtime wages and non-overtime wages later than weekly; and 3) entitled to costs and attorneys' fees, pursuant to the New York Labor Law ("NYLL") §§ 191, 198, and the regulations thereunder; as well as an injunction prohibiting Defendant from continuing to violate the weekly payment requirement for manual workers set forth in NYLL 191.

4. Plaintiff and the class members are also entitled to recover compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

8. Plaintiff Michael Sandoval ("Plaintiff" or "Sandoval") is an adult, over eighteen years old, who currently resides in Rockland County in the State of New York.

9. At all times relevant herein, Defendant Lincoln Property Company Commercial, Inc. ("LPCC" or "Defendant") was a for-profit Corporation with offices located at 2000 McKinney Avenue,

Suite 1000, Dallas, TX 75201.

10. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## STATEMENT OF FACTS

11. Upon information and belief, and at all relevant times herein, Defendant was engaged in the property management business. See https://www.lincolnapts.com/

12. Upon information and belief, and at all relevant times herein, Defendant owned and/or operated hundreds of buildings/locations and employed hundreds of employees.

13. Plaintiff Sandoval was employed by Defendant from on or about August 17, 2017 to on or about November 19, 2018.

14. At all times relevant herein, Defendant employed Plaintiff as a porter/handyman and performed a variety of manual and physical labor within this capacity.

15. Upon information and belief, and at all times relevant herein, Plaintiff was an hourly employee of Defendants, and was paid at a regular rate of $16 an hour.

16. Upon information and belief, and at all times relevant herein, Plaintiff worked approximately 45 or more hours, 5 days a week for Defendants, but Plaintiff was not paid for each and all hours worked in each week during his employment with Defendant.

17. At all times relevant herein, Defendant had a policy and practice of automatically deducting an hour for "lunch" but because of the nature and demands of his job, Plaintiff did not receive a bona fide meal period within the meaning of the FLSA and NYLL. As a result, Plaintiff is owed wages including overtime wages for about 5 or more hours each week, during his employment with Defendant.

18. A more precise statement of the hours and wages will be made when Plaintiff Sandoval obtains the wage and time records Defendant was required to keep under the FLSA and NYLL. Accurate copies of Plaintiff's wage and time records that Defendant was required to keep

pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6, are incorporated herein by reference.

19. At all times relevant herein, Defendant failed to pay Plaintiff at a rate of at least 1.5 times his regular rate for hours worked in excess of 40 in a week, for each week during the period of his employment with Defendant.

20. Upon information and belief, Defendant failed to pay Plaintiff and the putative class members at a rate of 1.5 times their regular rate for each and all overtime hours worked (hours over 40 in a week).

21. At all times relevant herein, Defendant paid Plaintiff and the class on a bi-weekly basis in violation of NYLL 191 (1)(a)(i).

22. At all times relevant herein, Defendant did not provide Plaintiff with the notice(s) required by NYLL 195(1) – including notice of the required pay frequency, etc.

23. At all times relevant herein, Defendant did not provide Plaintiff and the class with the statement(s) required by NYLL 195(3) – the statements provided to Plaintiff did not contain all hours worked by Plaintiff in each week, among other deficiencies.

24. At all times applicable herein, Defendant conducted business with vendors/entities/persons within the State of New York.

25. At all times applicable herein and upon information and belief, Defendant utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, internet and telephone systems.

26. At all times applicable herein and upon information and belief, Defendant utilized the goods, materials, and services through interstate commerce such as essential materials and supplies.

27. At all times applicable herein and upon information and belief, Defendant and the tenants in its buildings conducted business with mortgage companies, banks, insurance companies, and internet/email service providers within and outside the State of New York.

28. Upon information and belief, and at all relevant times herein, Defendant failed to display federal and state minimum wage/overtime posters as required by the FLSA and NYLL.

29. Upon information and belief, and at all relevant times herein, Defendant failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

30. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Unpaid Overtime)

31. Plaintiff alleges on behalf of himself and all others similarly situated who opt into this action pursuant to 29 U.S.C. § 216(b), and incorporates by reference the allegations in paragraphs 1 through 30 above as if set forth fully and at length herein.

32. The named Plaintiff has consented to be part of this action by the filing of this action on his behalf and with his consent.

33. The FLSA cause of action is brought as a collective action on behalf of the named Plaintiff and all others who are/were similarly situated and who file consents to opt-in to the action.

34. The class of similarly situated individuals as to the FLSA cause of action is defined as current and former employees of Defendant, who 1) worked more than forty hours in a week, within at least the three-year period, preceding the filing of this complaint; and 2) were not paid at an overtime rate of at least 1.5 times their regular rate for each and all hours worked in excess of forty hours in a week as also explained above.

35. The class includes but is not limited to maintenance workers, construction laborers and employees in similar positions.

36. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendants, upon

information and belief, there are over 200 members of the class during the class period.

37. The class definition will be refined as is necessary, including after discovery if necessary.

38. At all times relevant to this action, Plaintiff and all those similarly-situated, were employed by Defendant within the meaning of the FLSA – 29 U.S.C 201 et Seq.

39. Upon information and belief, and at all times relevant to this action, Plaintiff and all those similarly similarly-situated, were engaged in commerce and/or in the production of goods for commerce and/or Defendant constituted an enterprise(s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. §§ 207(a).

40. Upon information and belief and at all times relevant herein, Defendant transacted commerce and business in excess of $500,000.00 annually or had revenues and/or expenditures in excess of $500,000.00 annually.

41. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff, and all those similarly similarly-situated as class members, overtime compensation at rates not less than 1.5 times their regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

## Relief Demanded

42. Due to Defendant's FLSA violations, Plaintiff, and all those similarly-situated, are entitled to recover from Defendant, their unpaid overtime wage compensation, plus maximum liquidated damages, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
## NYLL 650 et Seq. & 12 NYCRR § 142-2.2, 141-1.4 (Unpaid Overtime)

43. Plaintiff alleges on behalf of himself and all others similarly situated as class members, and incorporates by reference the allegations in paragraphs 1 through 41 above as if set forth fully and at length herein.

## CLASS ALLEGATIONS

44. Plaintiff sues on his own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and

(b)(3) of the Federal Rules of Civil Procedure.

45. The class of similarly-situated individuals as to the overtime cause of action under the NYLL is defined as current and former hourly employees of Defendant, who: 1) were employed by Defendant within the State of New York; 2) worked more than forty hours in a week, within at least the six-year period, preceding the filing of this complaint; and 4) not paid at an overtime rate of at least 1.5 times their regular rate for each and all hours worked in excess of forty hours in a week as also explained above; or 5) were paid overtime wages on a bi-weekly basis instead of a weekly basis as required by NYLL 191.

46. The class definition will be refined as is necessary, including after discovery if necessary.

47. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendant, upon information and belief, there are over 200 members of the class during the class period.

48. Upon information and belief, the putative class is so numerous that joinder of all members is impracticable.

49. Upon information and belief, there are questions of law or fact common to the class – whether the putative class was paid at least 1.5 times the applicable regular rate for all hours in excess of forty in a week.

50. Upon information and belief, the claims of the representative party are typical of the claims of the class.

51. The representative party will fairly and adequately protect the interests of the class.

52. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

53. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

    (a) Whether, Defendant failed and/or refused to pay the Plaintiff and the putative class members at a rate of at least one and one half (1 ½) times their regular hourly rate for all hours worked in excess of forty each week within the meaning of New York Minimum Wage Act and the regulations thereunder.

54. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant and in light of the large number of putative class members.

55. At all times relevant to this action, Plaintiff and all those similarly-situated as class members, were employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

56. At all times relevant herein, Defendant failed to pay and willfully failed to pay Plaintiff and all those similarly-situated as class members, overtime compensation at rates not less than 1.5 times their regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2. and 12 NYCRR § 141-1.4.

**Relief Demanded**

57. Due to Defendant's NYLL overtime violations, Plaintiff, and all those similarly-situated, are entitled to recover from Defendant, their unpaid overtime wage compensation, maximum liquidated damages – including maximum liquidated damages on all overtime wages paid later than weekly, prejudgment interest, attorney's fees, and costs of the action, pursuant to NYLL § 663(1).

**AS AND FOR A THIRD CAUSE OF ACTION**
**(NYLL § 191, 198 - Untimely Wage Payments)**

8

58. Plaintiff alleges on behalf of himself and all others similarly-situated and incorporates by reference the allegations in paragraphs 1 through 57 above.

59. The class of similarly-situated individuals as to the first cause of action under the NYLL is defined as current and former employees who worked for the Defendant as manual workers within the State of New York and who: 1) were not paid their non-overtime and/or overtime wages weekly as also explained above, within at least the six-year period, preceding the filing of this complaint to the date of disposition of this action.

60. The class definition will be refined as is necessary, including after discovery if necessary.

61. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendant, upon information and belief, there are over 200 members of the class during the class period.

62. Upon information and belief, the putative class is so numerous that joinder of all members is impracticable.

63. Upon information and belief, there are questions of law or fact common to the class – whether the putative class was paid wages weekly.

64. Upon information and belief, the claims of the representative party are typical of the claims of the class.

65. The representative party will fairly and adequately protect the interests of the class.

66. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

67. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

    (a) Whether, Defendant failed and/or refused to pay the Plaintiff and the putative class

members their wages weekly, as required by NYLL 191 (1)(a).

68. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant and in light of the large number of putative class members.

69. At all times relevant to this action, plaintiff and all those similarly-situated as class members, were employed by Defendant within the meaning of the New York Labor Law, §§ 190 et Seq., including NYLL 191(1)(a) and the regulations thereunder.

70. At all times relevant herein, Defendant failed to pay and willfully failed to pay Plaintiff and all those similarly-situated as class members, their wages including overtime and non-overtime wages weekly, in violation of the NYLL 191(1)(a).

### Relief Demanded

71. Due to Defendant's NYLL 190 et Seq. violations, Plaintiff, and all those similarly situated, are entitled to recover from Defendant, maximum liquidated damages (for the period after April 9, 2011), and interest on wages paid later than weekly, plus attorneys' fees, and costs of the action, pursuant to NYLL § 198.

### AS AND FOR A FOURTH CAUSE OF ACTION
### NYLL § 190, 191, 193, 195 and 198

72. Plaintiff alleges on behalf of himself and all others similarly situated as class members, and incorporates by reference the allegations in paragraphs 1 through 71 above as if set forth fully and at length herein.

### CLASS ALLEGATIONS

73. Plaintiff sues on his own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

74. The class of similarly-situated individuals as to the cause of action for NYLL 195(1) and NYLL 195(3) violations is defined as current and former hourly employees of Defendant who: 1) were not provided with the notice(s) required by NYLL 195(1), or 2) were not provided with the statement(s) required by NYLL 195(3).

75. The class includes but is not limited to employees who did not receive wage statements, employees who received wage statements but whose wage statements did not reflect all hours worked or all wages earned, and employees who did not receive the required wage notices setting forth the regular and overtime rate of pay, the required frequency of payment for manual workers, among other information.

76. The class definition will be refined as is necessary, including after discovery if necessary.

77. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendant, upon information and belief, there are over 200 members of the class during the class period.

78. Upon information and belief, the putative class is so numerous that joinder of all members is impracticable.

79. Upon information and belief, there are questions of law or fact common to the class – (a) whether Defendant failed to provide Plaintiff with the notice(s) required by NYLL 195(1), and (b) whether Defendant failed to provide Plaintiff and the putative class with the statement(s) required by NYLL 195(3).

80. Upon information and belief, the claims of the representative party are typical of the claims of the class.

81. The representative party will fairly and adequately protect the interests of the class.

82. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to

the class as a whole.

83. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

    (a) whether Defendant failed to provide Plaintiff with the notice(s) required by NYLL 195(1), and whether Defendant failed to provide Plaintiff and the putative class with the statement(s) required by NYLL 195(3).

84. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant and in light of the large number of putative class members.

85. At all times relevant to this action, Plaintiff and all those similarly-situated as class members, were employed by Defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198.

86. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff and the class members with the notice(s) required by NYLL 195(1) – Plaintiff and the class are therefore entitled to and seek to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendant to comply with NYLL 195(1).

87. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff and the class members with the statement(s) required by NYLL 195(3) – Plaintiff and the class are therefore entitled to and seek to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1d), as well as an injunction directing Defendant to comply with NYLL 195(1).

**Relief Demanded**

88. Due to Defendant's New York Labor Law Article 6 violations including violation of sections

191, 193, 195 and 198, Plaintiff, and all those similarly-situated, are entitled to recover from Defendant, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

89. Declare Defendant to be in violation of the Plaintiff's rights under the Fair Labor Standards Act, Article 6 of the New York Labor Law, the New York Minimum Wage Act, and the Regulations thereunder;

90. As to the **First Cause of Action**, award Plaintiff and those similarly situated, who opt-in to this action, their unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

91. As to his **Second Cause of Action**, award Plaintiff and those similarly situated, their unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR § 142-2.2. and 12 NYCRR § 141-1.4, together with maximum liquidated damages – including maximum liquidated damages on all overtime wages paid later than weekly, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

92. As to the **Third Cause of Action**, order Defendant to pay Plaintiff and the class, interest thereon, maximum liquidated damages (for the period after April 9, 2011), and interest on wages paid later than weekly, plus attorneys' fees, costs and disbursements pursuant to NYLL §§ 191, 198

93. As to the **Fourth Cause of Action**, award Plaintiff and those similarly situated, award of Plaintiff and those similarly situated as class members, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

94. Award Plaintiff prejudgement interest on all monies due;

95. Award Plaintiff and all others similarly situated where applicable, any relief requested or stated

in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

96. Award Plaintiff and all others similarly situated, such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York
         December 17, 2018**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

  /s/ Abdul Hassan
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 - Fax: 718-740-2000
E-mail: abdul@abdulhassan.com
ATTORNEY FOR THE PLAINTIFF